IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Wright,                              )<br>                                                        )<br>                     Petitioner,           )<br>                                                        )     Civil Action No. 1:24-3441-BHH<br>v.                                                     )<br>                                                        )     **ORDER**<br>Warden of Lieber Correctional        )<br>Institution,                                        )<br>                                                        )<br>                     Respondent.        )<br>_____ ) | |

      This matter is before the Court on Petitioner Robert Lee Wright's ("Petitioner" or "Wright") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  On October 7, 2024, Respondent filed a motion for summary judgment.  (ECF No. 17.)  Petitioner filed a response to Respondent's motion on December 2, 2024.  (ECF No. 22.)  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for initial review.

      On December 13, 2024, Magistrate Judge Shiva V. Hodges filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Respondent's motion for summary judgment and dismiss the petition with prejudice.  (ECF No. 23.)  Petitioner filed objections to the Magistrate Judge's Report on January 2, 2025, and the matter is ripe for review.  (ECF No. 27.)

      For the following reasons, the Court overrules Petitioner's objections, adopts the Magistrate Judge's Report, and grants Respondent's motion for summary judgment.

**BACKGROUND**

Petitioner is currently confined in the Lieber Correctional Institution of the South

Carolina Department of Corrections. ("SCDC"), serving a term of 40 years' imprisonment. *See* SCDC Inmate Search, https://public.doc.state.sc.us/scdc-public/ (last accessed Sept. 10, 2025).

Petitioner was indicted by the Charleston County Grand Jury in September of 2010 for murder. (ECF No. 16-6 at 1282-83.) On June 28, 2013, Petitioner proceeded to a jury trial before the Honorable Kristi L. Harrington, at which trial J. Michael Bosnak represented Petitioner. (ECF No. 16-1 at 1-2.) After two days of testimony, the jury was deadlocked and a mistrial was declared. (ECF No. 16-2 at 466.)

The parties appeared before Judge Harrington for a retrial on February 24, 2014. (*Id.* at 472.) Petitioner appeared with his trial attorneys, Lorelle Proctor and Alicia Penn. (*Id.*) After two days of testimony, the jury found Petitioner guilty of murder, and the court sentenced Petitioner to 40 years. (ECF No. 16-4 at 876-84.) Petitioner filed a motion to reconsider and a motion for new trial, which the trial court denied by order dated March 21, 2014. (*Id.* at 890.)

Petitioner filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and asked to be relieved as counsel. (*Id.* at 891-904.) The Court of Appeals issued an order on March 3, 2016, denying the motion to be relieved, and ordering briefing on the following issue (and any other issues of arguable merit): "Whether the trial court erred in ruling that the defenses of accident and self-defense are mutually exclusive and whether this issue is preserved for appellate review." (*Id.* at 908.) After briefing, the Court of Appeals issued a decision on January 11, 2017, affirming the trial court. (*Id.* at 955-56.) The remittitur was delivered to the Charleston County Clerk of Court on January 27, 2017. (*Id.* at 957.)

On March 31, 2017, Petitioner filed an application for post-conviction relief ("PCR").

(ECF Nos. 16-4, 16-5, and 16-6.) On July 10, 2017, Petitioner's PCR counsel, James Falk, amended the petition, alleging that trial counsel was ineffective for:

1. Failing to object to the State's improper opening statement;

2. Failing to object when the State impermissible "pitted the witnesses;"

3. Failing to object pursuant to *Crawford v. Washington* to the introduction of the toxicology results;

4. Failing, on information and belief, trial counsel did not seek a hearing under *Neal v. Biggers* prior to the introduction of in-court identification testimony;

5. Failing to object to the State's attempts to bolster its own witnesses;

6. Failing to object to numerous hearsay utterances regarding witness Robert J's out-of-court statements;

7. Failing to properly preserve the issue of whether the trial court improperly refused to charge the jury on the defense of accident.

8. Failing to object to two portions of the trial judge's charge which were inaccurate and likely to have confused or misled the jury during deliberations.

(*Id.* (citations omitted).)

On March 1, 2018, the Honorable Thomas Russo ("PCR court") held a hearing, at which Petitioner and his PCR counsel appeared. Petitioner's trial counsel, Penn, is the only person who testified at the PCR hearing. (*Id.* at 1212-13.)

On November 21, 2018, the PCR court issued an order of dismissal, denying the application and finding that Petitioner had not established any constitutional violations or deprivations. (*Id.* at 1256-81.)

Petitioner filed a notice of appeal before the South Carolina Supreme Court on December 18, 2018, and the South Carolina Supreme Court transferred the case to the

3

Court of Appeals. On January 10, 2024, the Court of Appeals issued an opinion dismissing Petitioner's petition for writ of certiorari as improvidently granted. (ECF No. 16-9.) The remittitur was issued on January 9, 2024, and was filed on February 1, 2024. (ECF No. 16-10.)

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 12, 2024, raising the following grounds for relief:

> Ground One: Trial counsel provided ineffective assistance in derogation of the Sixth and Fourteenth Amendments by failing to object to testimony regarding toxicology testing and results from the pathologist where the pathologist did not perform the actual toxicology tests and acted as a mere conduit for the results.
>
> Ground Two: Trial counsel provided ineffective assistance in derogation of the Sixth and Fourteenth Amendments by failing to object to the State's questioning of Petitioner, which pitted his testimony against the testimony of the State's key eyewitnesses, where the only evidence the State presented to contradict Petitioner's testimony that he acted in self-defense was from those eyewitnesses, making credibility critical.
>
> Ground Three: Trial counsel provided ineffective assistance in derogation of Petitioner's rights pursuant to the Sixth and Fourteenth Amendments by failing to object to inaccurate and misleading portions of the jury instructions.
>
> Ground [Four]: Order denying relief: The PCR court admitted the instruction was an incorrect statement of law. [ ] Nevertheless, the PCR Court found Petitioner could not "establish any constitutional ineffectiveness of counsel because it [was] clear from the record [Petitioner] could not have met all four elements of self-defense (namely, fear of imminent danger of death or serious bodily harm)."

(ECF No.1-2 at 4, 50, 57, 60.)

## **STANDARDS OF REVIEW**

### I.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## II.    Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

## I.    Habeas Corpus Relief[1]

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant

---

[1] Here, the parties agree that Petitioner's claims are not barred by the applicable statute of limitations and that he has procedurally exhausted his claims.

habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**II.    Ineffective Assistance of Counsel**

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance

prejudiced the defense. *Id.* at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95. Additionally, as the Supreme Court explained in *Harrington v. Richter*:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential,"[ ], and when the two apply in tandem, review is "doubly" so [ ]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. [ ] Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

562 U.S. 86, 105 (2011) (internal citations omitted). "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id.* at 101 (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000). Ultimately, "[a] state court must be granted a deference and latitude that are not in operation when the case

7

involves review under the *Strickland* standard itself." *Id.*

## III.   The Court's Review

### Ground One

In ground one, Petitioner alleges that trial counsel was ineffective for allowing Dr. Batalis to testify regarding a toxicology report prepared by an outside lab. According to Petitioner, trial counsel should have objected because the person who did the actual testing was not at trial to testify, thereby denying Petitioner's right to confrontation pursuant to *Crawford v. Washington*.

In her Report, the Magistrate Judge quoted extensively from the PCR court's findings on this issue and explained that the PCR court found Dr. Batalis's testimony proper because he did not act as a "mere conduit" for the testing results, but instead took the samples and interpreted the results for inclusion in his autopsy report. (ECF No. 23 at 16-18.) The Magistrate Judge further outlined the PCR court's finding that, *even if* the toxicology testimony was admitted in violation of Petitioner's confrontation rights, Petitioner failed to show prejudice because the alleged error had no impact on the jury's verdict, as the testimony was irrelevant to the issue at hand, and trial counsel was able to fully cross-examine Dr. Batalis. (*Id.*)

After reviewing the PCR court's findings, the Magistrate Judge also explained that Dr. Batalis was qualified as an expert during trial, pursuant to Rule 703, and she found no violation of the Confrontation Clause as a result of Dr. Batalis's use of the toxicology report to assist with his findings. (*Id.* at 19.) As to Petitioner's claim that the PCR court erred in finding no prejudice as a result of the laboratory report listing the victim with an incorrect age and race, the Magistrate Judge outlined trial counsel's testimony from the PCR hearing

8

and concluded that Petitioner failed to overcome the doubly difficult standard of 28 U.S.C. § 2254(d) and *Strickland* – i.e, to show that the PCR court's application of *Strickland* was unreasonable.

In his objections to the Report, Petitioner asserts that the Magistrate Judge assumed facts not in evidence, and he repeats his assertion that Dr. Batalis testified to the results of someone else's toxicology report. (ECF No. 27 at 3.) Petitioner also objects that, under Rule 703, an expert may not disclose to the jury otherwise inadmissible hearsay, and Petitioner asserts that the expert's opinion was speculative under Rule 702 and that it was improper for counsel to pose a hypothetical question to Dr. Batalis. (*Id.* at 3-5.)

After *de novo* review, the Court is not convinced by any of Petitioner's objections. Rather, after careful review of the PCR court's findings, the Court agrees with the Magistrate Judge that Petitioner has failed to overcome the doubly difficult standard of 28 U.S.C. § 2254(d) and *Strickland*. As the Magistrate Judge explained, the PCR court determined that Dr. Batalis did not act as a mere conduit for the toxicology results, and, thus, his testimony did not violate Petitioner's confrontation rights. Furthermore, as the Magistrate Judge also noted, the PCR court found that *even if* Dr. Batalis's testimony did violate Petitioner's confrontation rights, such an error was harmless, as "[t]rial counsel was able to fully cross examine Dr. Batalis on the toxicology results which resulted in favorable testimony for [Petitioner]." (ECF No. 16-6 at 1272; *see also id.* at 1226 (explaining that trial counsel was not concerned with the results of the toxicology report).) Here, after reviewing the evidence before the PCR court, the Court simply cannot say that the PCR court's application of *Strickland* was unreasonable. Accordingly, the Court overrules Petitioner's objections as to ground one.

9

Ground Two

In ground two, Petitioner asserts that trial counsel was ineffective because she did not object when the prosecutor, while cross-examining Petitioner, pitted him against the three other eyewitnesses.

In her Report, the Magistrate Judge explained that the PCR court agreed with Petitioner that the State's questioning of Petitioner was improper because it asked Petitioner to "comment on the truthfulness or explain the testimony of an adverse witness." (ECF No. 23 at 22 (quoting ECF No. 16-6 at 1269).)  As the Magistrate Judge further explained, despite finding such questioning improper, the PCR court found that Petitioner failed to show any resulting prejudice because all of the testimony confirmed that Petitioner and the victim were involved in a physical altercation and Petitioner admitted flipping the victim on the ground and punching him.  According to the PCR court, "the State's attempt to bring up rather minor discrepancies between the [Petitioner's] version of events and that of the State's witnesses as 'untruths' had no impact on the outcome of the trial."  (ECF No. 16-6 at 1269.)

The Magistrate Judge considered Petitioner's argument that the PCR court improperly characterized the differences in the witnesses' testimony as "minor discrepancies," but noted that Petitioner did not deny that he testified that he was involved in a physical altercation with the victim and that he admitted to flipping the victim on the ground and punching him three to five times.  (ECF No. 23 at 22.)

In his objections to the Report, Petitioner repeats his assertion that the State's line of questioning was improper and simply asserts that this error requires reversal.  (ECF No. 27 at 6-8.)

10

Here, as the Magistrate Judge properly explained, the PCR court *agreed with Petitioner* that the State's line of questioning was improper. Nevertheless, the PCR court found that Petitioner could not show any resulting prejudice. After *de novo* review, the Court agrees with the Magistrate Judge that Petitioner has failed to show that the PCR court's finding on this point was unreasonable. Accordingly, the Court finds that Respondent is entitled to summary judgment as to ground two.

Grounds Three and Four

In grounds three and four, Petitioner takes issue with the trial court's jury instructions regarding self defense and the duty to retreat. Specifically, in ground three, Petitioner asserts that trial counsel rendered ineffective assistance by failing to object to certain portions of the jury instructions. In ground four, Petitioner asserts that the PCR court erred in finding that Petitioner could not have met all four elements of self-defense.

In her Report, the Magistrate Judge explained the applicable law in South Carolina regarding self defense and noted, as the PCR court also did, that the trial court included an incorrect statement of law as to Petitioner's duty to retreat. (*See* ECF No. 23 at 24 (quoting S.C. Code Ann. § 16-11-440(C)(2006).) The Magistrate Judge carefully outlined the PCR court's findings and determined that the PCR court correctly determined that Petitioner could not have met all four relevant elements of self defense in light of the evidence presented at trial. In so doing, the Magistrate Judge considered Petitioner's argument that a jury could have *inferred* that Petitioner was in fear of serious bodily injury or death, but the Magistrate Judge ultimately found that the cases relied upon by Petitioner were distinguishable from this case. (*See* ECF No. 23 at 25-26.) The Magistrate Judge ultimately agreed with the PCR court's conclusion that, even though the jury instruction was

11

incorrect and trial counsel should have objected, Petitioner failed to show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.

In his objections, Petitioner again asserts that he met all four elements of self defense and that no one can testify as to Petitioner's intent or feelings. To that end, he states, "I just have to believe I'm in imminent danger of losing my life or sustaining serious bodily injury." (ECF No. 27 at 10.) Petitioner further contends that both he and the victim walked away from the altercation, but then he states that he had no means of escape because he would have had to turn his back on the victim to get across the street. (*Id.* at 11.) Petitioner also objects to the Magistrate Judge's finding that Petitioner failed to show prejudice as a result of the incorrect jury instruction. (*Id.* at 12.)

After *de novo* review, the Court find Petitioner's final objections unavailing. Here, as the Magistrate Judge explained, the PCR court agreed with Petitioner that certain portions of the jury instruction were not legally accurate. (*See* ECF No. 16-6 at 95.) However, the PCR court found that Petitioner failed to demonstrate that his counsel was ineffective because "it is clear from the record that [Petitioner] could not have met all four elements of self-defense." (*Id.*) Although Petitioner now asserts that the jury could have "inferred" the existence of all four elements, the Court does not find that Petitioner has demonstrated that the PCR court's findings were unreasonable, and the Court thus declines to disturb the PCR court's factual findings on this point. Thus, as with grounds one and two, the Court finds that Petitioner has failed to show that the PCR court's findings on grounds three and four resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented to the PCR court. As such, the Court overrules Petitioner's objections and agrees with the Magistrate Judge that Respondent is entitled to summary judgment on grounds three and four.

## CONCLUSION

Based on the foregoing, the Court overrules Petitioner's objections (ECF No. 27); the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 23); and the Court grants Respondent's motion for summary judgment (ECF No. 17).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 11, 2025
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the legal

13

standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.